United States District Court

Southern District of Florida

Case #: 15-CV-24260-Moreno

Magistrate Judge P.A. White



FILED by ___ D.C.

JAN 11 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

Jesse loor,

    Plaintiff,

VS.

Jenny Bailey, et al.,

    Defendants.       /

<u>Notice of Objection</u>

Comes now Plaintiff, Jesse loor in propria persona and respectfully files this timely objection with District Judge in regards to Magistrate White's November 23, 2015 report. In Furtherance thereof, mr. loor states the following:

1. Mr. loor recieved Magistrate White's November 23, 2015 Report on Friday, November 27, 2015. The report was first mailed to metro west Detention Center, 13850 N.W. 41st. Miami, Fl. 33138. Mr. loor is no longer held at metro West. He was Transferred to Turner Gilford Knight Detention Center, 7000 N.W. 41 St. Miami, Fl. 33166 on November 18, 2015.

2. Because State court can exercise its jurisdiction to adjudicate Federal claims, Mr. loor petitioned the State court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for a redress of grievance of constitutional dimension. Mr. loor seeks declaratory, injunctive and other appropriate relief for misconduct by defendants that violate Mr. loor's rights under state and Federal laws.

3.  At no time did Mr. loor authorize the removal of his complaint from state court to United States District Court; and

4.  At no time did Mr. loor consent to the removal of his complaint from state court to United States District Court.

5.  Therefore, Mr. loor objects to the removal of his complaint that he initially filed in state court.

Magistrate Judge alleges Mr. loor failed to state a 1st. Amend. claim

6.  Respectfully, Magistrate Judge may have overlooked Mr. loor's claim that defendant Weatherspoon (facility mail clerk) was put on notice that the single copies of his purchased CD-Rom of Evaluation of the Sexually Abused child is protected by the Fair Use Doctrine ( see Compl. at 11 and exhibit "A" page 13) where it specifically states: (excerpt) "The Fair use of copyrighted work, including such use by reproduction in copies for purposes such as scholarship or research is not an infringement of copyright. 17 U.S.C. section 107.

7.  Therefore, defendant Weatherspoon misapplied copyright infringement law to improperly reject Mr. loor's protected single copies of Evaluation of the sexually Abused child for research and study pursuant to the Fair use Doctrine. This unreasonable rejection of Mr. loor's serious scientific literature is in violation of his First Amendment right because it is clearly established that mail is a medium of free speech and the right to send and recieve mail exist under the First Amendment. Conversely, Mr. loor retains his First Amendment rights to recieve information while incarcerated.

8. Defendants were all put on notice several times that Mr. Loor's medical Textbooks were improperly labeled as "obscene material" contrary to Florida statute 847.001 (10) (A-c) which provides: "Obscene" means the status of materials which; (4) The average person, applying contemporary community standards, would find, taken as a whole, appeals to the prurient interest; (B) depicts or describes, in a patently offensive way, sexual conduct as specifically defined herein (847.001(16)); taken as a whole, lacks serious literary, artistic, political or scientific value.

9. Under the Supreme Courts three-part test, material is legally "obscene"- and therefore not protected under the First Amendment - if, taken as a whole, the material (1) appeals to the prurient interest in sex, as determined by the average person applying contemporary community standards; (2) portrays sexual conduct, as specifically defined by the applicable state law (847.001(16), in a patently offensive way, and (3) lacks serious literary, artistic, political or scientific value. See _Miller v. California_, 413 U.S. 15, 93 S.ct. 2607 (1973). Note: This standard is enclosed in exhibit "B" page 20 attached to initial complaint.

10. Evaluation of the Sexually Abused is written and published by a group of nationally recognized physicians, is a comprehensive and authoritive resource that provide a step-by-step discussion of how to interview and clinically evaluate suspected child abuse cases. The contributors Draw on their extensive experience to provide sensitive and practical guidance on: psychological aspects of abuse; conducting the medical interview and physical exam to make a diagnosis; and the role of the physician in court.

This Book is intended as a reference for evaluation of children when there is a concern about sexual abuse, As well as a guide to genital/anal normal/variants. The aforementioned is enclosed in exhibit "B" page 10 attached to initial Compliant.

11. The next improperly rejected Book is Obstetrics and Gynecology. Established as the standard resource of Obstetrics and gynecology and is now in its revised 7th ed. This is the only book on the market fully compliant with the American College of Obstetrics, Obstetricians and gynecologist guidelines, treatment recommendations and committee opinions. The text aligns with the association of professors of gynecology and obstetrics (APGO) and educational objectives. The aforementioned is enclosed in exhibit "B" page 10 attached to initial complaint.

12. The last improperly rejected Book is Dorland's/Grey's Pocket Atlas of Anatomy. This pocket atlas is the best way to reference anatomy in Lay person terms. IT combines superb definitions From Dorland's illustrated medical dictionary with phenomenal illustrations From Grey's Anatomy for students For an unprecedented level of accuracy and visual clarity. An organization by body region parallels the approach used by most of todays anatomy courses. Terms and descriptions are based on the "Terminologia Anatomica" the most widely accepted anatomical nomenclature system. The aforementioned is enclosed in exhibit "B" page 10 attached to initial complaint.

13. Applying the miller standard and Florida statute 847.001 these medical text books are of medical and scientific content And not pornography by any means. Therefore, does not appeal to the prurient interest in sex; (2) These medical Textbooks do not contain pornography; models in erotic behavior; and is not intended to cause sexual excitement. (3) These medical textbooks are of serious literary and contain political and scientific value. Evaluation of the sexually abused child is a comprehensive and authoritive resource that provide a step-by-step discussion of how to interview and clinically evaluate suspected child sexual abuse cases. In which, relates to the conduct of state officials investigating suspected child sexual abuse cases. Accordingly, This Book contains political value.

14. Defendants were put on notice several times that improperly labeling mr. loor's medical textbooks as "obscene material" is contrary to Florida statute and federal law, and cannot justify the censorship of the medical textbooks; and that the rejection of his medical textbooks would result to violation of his First Amendment and his Fourteenth Amendment rights, making their unconstitutional conduct willful and knowingly.

15. Based on the aforementioned discussion of mr. loor's First Amendment claim and satisfying the miller standard and applicable Florida statute 847.001(a)-(c) these medical textbooks are protected under the First Amendment to the u.s. constitution. This fundamental right was willfully and knowingly violated by defendants.

Magistrate Judge alleges Mr. Loor's due process claim should be dismissed.

16. Magistrate Judge may have overlooked Mr. Loor's claim in the initial complaint (page 8, paragraph 30) where it is pleaded: "The plaintiff, Jesse Loor has no plain, adequate or complete remedy at law to redress the wrongs described herein. Mr. Loor has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which he seeks." Taking this pleading as a whole suggests that Mr. Loor does not have any post deprivation remedy. Viewing exhibit "A" and "B" attached to initial complaint will show that Mr. Loor exhausted all administrative remedies before bringing this cause to court. Therefore, <u>no</u> post deprivation remedy is available at ~~Facility~~.

17. Magistrate Judge may have also overlooked that Mr. Loor pleaded property and liberty interest which are guaranteed and protected under the Due process Clause of the Fourteenth Amendment - which prohibits a state from depriving any person of life, liberty, or property without Due process of law. See compl. page 6, paragraphs 23-24.

18. Mr. Loor has a liberty interest in educating himself of allegation of child sex abuse; to acquire knowledge of scientific case studies and medical research on psychological aspects of abuse that these medical textbooks would have provided; to become a learned expert pursuant to Florida statute 90.702 and 1 Fla. Practice evidence section 702.1 ("A person may qualify as expert by his or her study of authoritative sources without any practical experience in the subject matter"). Mr. Loor was denied this liberty interest when defendants willfully and knowingly deprived him of materials protected under the First Amendment and therefore violated Due process clause of the Fourteenth Amendment.

19. Procedural due process was applied and pleaded in Mr. Loor's initial Complaint. See compl. page 6, paragraphs 23-24. Mr. Loor was not afforded procedural due process as per department standard of procedure at the minimum. The medical Textbooks arrived on December 29, 2014 to Facility; impounded by defendant Weatherspoon; and then sent back the medical textbooks some time before January 9, 2015 because Barnes and Noble received returned books on January 9, 2015.

22. The medical text books were not at the Facility between January 5-9, 2015. Yet everyday that defendant Weatherspoon would arrive at the housing unit Mr. Loor was held, Mr. Loor would inquire about the status of the medical textbooks and deceitfully, defendant Weatherspoon would reply: "The books are still being viewed by the review committee." Knowing that she had already sent back the medical textbooks contrary to department standard of procedure. As the rest of the defendants, each stated on record that they "viewed" the medical textbooks when the medical textbooks were no longer at the Facility. So how can each defendant conclude the medical textbooks are "obscene materials" when the medical textbooks were not available for review?

21. In page 8 paragraph 3 of the report Magistate White stated: "Mr. Loor has alternate means of execising his rights through use of legal materials that are not in apparent violation of copyright or contain sexual or obscene content, or by using materials available at the detention center or through defense counsel". Enclosed in this notice of objection are 2 memos from legal research assistance (LRA) where Mr. Loor was denied of requested relevant published articles. Mr. Loor forwarded this request to facility counselor and was informed by 3 counselors that they do not print articles from websites or from the internet.

22. Defendants could have afforded an alternate means is obtaining the medical textbooks such as, facility counselor could have taken possession of the medical textbooks, i.e., Set up Mr. Loor to view textbooks in a G.E.D. class, a yoga class or any other program or class at the facility where Mr. Loor could sit in during the course of the class or program to study and research the medical textbooks at no cost to the officers or facility. Instead, no alternate means was ever entertained by any of the defendants. At the production of this notice of objection Mr. Loor filed a separate complaint in state court for inter alia, denial of access to court against facility counselor assigned to the housing unit where Mr. Loor was previously held. Mr. Loor even petitioned this court for current assigned facility counselor's deficiencies. For these reasons, magistrate White is incorrect to state "Mr. Loor has alternate means of exercising his rights." Because Mr. Loor was not afforded any before the improper rejection of his medical textbooks.

23. Clearly evident, defendants failed to provide Mr. Loor minimum procedural safeguards against errors and arbitrariness in the censorship of his medical textbooks in violation of Due process.

<u>Magistrate White's suggestion of the Turner Standard favor Mr. Loor.</u>

24. Applying Turner's factors to this cause, as to the First Turner Factor, a valid, rational connection between the prison practice and a legitimate governmental interest in prison security. Mr. Loor fully recognize that the government has a strong interest in prison security. However, no penological interest or security concern justifies the censorship of First Amendment protected materials needed to acquire knowledge and prepare arguments for his defense. Right to prepare for defense is guaranteed and protected under the Sixth Amendment. For instance, a Bomb-making book is reasonably related to the prison's goal security.

However, censorship of First Amendment protected medical text books needed to prepare a defense containing scientific and medical illustrations of genitals is not.

25. Given the fact that Mr. Loor is falsely accused and wrongfully charged of child sex crimes, Mr. Loor has a right and a liberty interest to be informed of all elements of the nature of the accusation; a liberty interest to become a learned expert of allegation of child sexual abuse cases. Mr. Loor's idea to become a learned expert is a form of expression and qualifies protection under the First Amendment. Therefore, defendant's censorship of Mr. Loor's medical textbooks was not in any way neccessary to the furtherance of a governmental interest unrelated to the suppression of expression. The First Turner factor thus favors Mr. Loor.

26. As to the second Turner factor, Mr. Loor has no other means of exercising his right to become a learned expert where the ability to become a learned expert of allegation of child sexual abuse cases are through authoritive resources published through books and publications and articles that can be found on-line. As mentioned in paragraphs 21-24 in this notice of objection defendants did not entertain other means for Mr. Loor to exercise his right to become a learned expert; facility counselors do not provide printed copies of articles and publications from the internet; and legal Research Assistance (LRA) do not provide secondary information or information from websites.

27. As to the third factor, there's no written policy or regulation banning all medical textbooks to change. The medical textbooks was for personal use only. Therefore, Mr. Loor obtaining these medical textbooks for his defense would not have any negative impact on other inmates, officers, officials or facility resources.

As to the fourth factor, as mentioned before, defendants could have provided mr. loor scheduled days to view the medical textbooks while sitting in a class or program, or sit in the classroom after class at no cost to officers or facility, or at the minimum, suggest an alternative mean. Defendants did not offer a chance for this suggestion or offer any alternate mean for mr. loor to exercise his right to become a learned expert. All four factors weigh in Mr. loor's favor.

_The deprivation of the medical text books prejudiced mr loor because it comprised his ability to testify._

28. Mr. loor has to stressfully deal with the fact that prosecutor improperly relied on misrepresentation of facts and fabricated evidence from a state nurse practitioner who concluded "sexual abuse by history". This nurse practitioner, along with an interviewer, conducted a tainted interview and exam of mr. loor's minor daughter. It is clearly evident on the record that this nurse practitioner and interviewer did not undertake to procedural safeguards to guarantee taint-free results.

29. This complaint was filed pretrial. mr. loor was very adamant to testify at trial if afforded the opportunity to fully educate himself on all the particular elements of allegations of child sex abuse. court-appointed public defender that was forced upon mr. loor against his will is not a medical expert nor at the very least, a sex crime expert and did not hire a medical expert after mr. loor's numerous demands to hire one. Deeming mr. loor's compulsory process non-existence and unreliable.

30. Because of the deprivation to acquire knowledge of scientific case studies and medical research these medical textbooks would have provided, mr. loor among other reasons was forced not to testify at trial. Testifying only to his innocence without the probative value of knowledge these medical textbooks would have provided would be futile because mr. loor is already prejudiced with the nature of the charges alone.

31. In closing, The deprivation of these essential medical textbooks prejudiced mr loor in preparing his defense. Because the ability to testify was compromised.

32. Note: mr. loor did not raise a access to court claim. Therefore will not be addressed.

Wherefore, based on the aforementioned discussion mr. loor is entitled to relief and respectfully requests this Honorable court to grant such reliefs sought.

Respectfully submitted this 29th day of December 2015,

## Verification

I have read the foregoing Objection and hereby verify that the matters alleged therein are true excepts as to the matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

executed at Miami, Florida on December 29, 2015.

_____ Jesse R. pro se

## Certificate of Service

I hereby certify that a true and correct handwritten copy of this Objection was hand delivered to Facility officer and placed in Facility Mailbox for delivery to c/o Daija Page Lifshitz, 111 N.W. 1st. Ste. 2810 Miami, Florida 33128, and pursuant to the Mailbox Rule. ("Prisoner Mailbox Rule" document is considered Filed when inmate signed it) This 29th day of December 2015.

_____ Jesse R. pro se

Jesse Loor # 10-75184
7000 N.W. 41 St.
Miami, Florida 33166
S.R.F.C.
Jesse Loor # M94448
14000 N.W. 41 St. Main Unit
Doral, Florida 33178

# MEMO FROM LEGAL RESEARCH ASSOCIATES (LRA)

## RE: Secondary Legal Material

Secondary source materials for legal research are not available for printing.  We will
provide you with all State and Federal primary legal material and Florida Jurisprudence
for secondary source information on topics that you specify.

Thank you,

LRA

# MEMO FROM LEGAL RESEARCH ASSOCIATES

## (NO INFORMATION AVAILABLE)

OTHER THAN INFORMATION ENCLOSED, THERE IS NO OTHER
ADDITIONAL INFORMATION RELATED TO THE SUBJECT MATTER
ON ITEM NUMBER THREE SUBMITTED.

THEREFORE, WE ARE UNABLE TO PROVIDE YOU WITH LEGAL
INFORMATION AT THIS TIME.  PLEASE RE-SUBMIT YOUR
REQUEST IF YOU DISCOVER OTHER ADDITIONAL INFORMATION.

THANK YOU,

LRA

*LEGAL MAIL*

Jesse Loor #MD4448
South Florida Reception Center
14000 N.W 41 St. Main Unit
Doral, Florida 33178



BACK
of
Envelope